

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2008

# James Martin v. Delaware Law School

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3310

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"James Martin v. Delaware Law School" (2008). *2008 Decisions.* Paper 66.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/66

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ELD-17**          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-3310

———————

JAMES L. MARTIN,
Appellant

v.

DEL. LAW SCHOOL DELAWARE LAW SCHOOL OF WIDENER UNIVERSITY;
COMMONWEALTH OF PENNSYLVANIA; DEPARTMENT OF
TRANSPORTATION; BUREAU OF TRAFFIC SAFETY OPERATIONS; PA BOARD
OF LAW EXAMINERS; COMMONWEALTH NATIONAL BANK; POLYCLINIC
MEDICAL CENTER OF HARRISBURG; PHILHAVEN HOSPITAL; THOMAS
GATES; JOHN C. WALTERS; LEBANON VALLEY COLLEGE; LEGAL SERVICES
ASSOCIATION; JOHN E. FEATHER, JR; JAMES T. REILLY

———————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 85-cv-00053)
District Judge: Honorable Lawrence F. Stengel

———————

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 11, 2008

Before: BARRY, CHAGARES and HARDIMAN, <u>Circuit</u> <u>Judges</u>

———————

(Opinion filed: December 19, 2008)

———————

OPINION

———————

PER CURIAM

In January 1985, appellant James Martin filed a civil action in the United States District Court for the District of Delaware against numerous defendants alleging violations of, inter alia, 42 U.S.C. §§ 1983, 1985 and 1986, Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., as well as the Thirteenth and Fourteenth Amendments. Martin's causes of actions and allegations are more fully set forth in the District Court's opinion reported at Martin v. Delaware Law School, et al., 625 F.Supp. 1288 (D. Del. 1985). Judgment was eventually entered against Martin, and we affirmed that judgment on August 14, 1989. See C.A. No. 88-3428. Martin returned to the District Court in January 1993 with a motion filed under Fed. R. Civ. P. 60(b)(4), wherein he argued, among other things, that the action should be reopened because the District Court judge failed to recuse himself despite his past involvement with the Delaware Law School. The District Court denied Martin's motion in an order entered on May 10, 1993, and we summarily affirmed that decision on December 20, 1993. See C.A. No. 93-7401.

Martin returned to the District Court yet a second time on July 24, 2007, once again seeking to have the underlying action reopened. This time Martin argued that reopening was warranted under either Rule 60(b)(4), (5) or (6). While it is less than clear, it appears that the impetus behind Martin's latest effort to reopen stems from his actions on May 24, 2007, at which time he sought, but was refused, a renewal of his driver's

2

license from the Delaware Division of Motor Vehicles ("DMV"). Martin asserts that the problem he experienced at the DMV is a result of the "documented misconduct of the parties to this case," which, Martin claims, has not been "corrected despite the passage of more than twenty-five (25) years." See Motion to Reopen at 1-2.

Martin's Reopen Motion fared no better than his first one. In a Memorandum Opinion entered on June 6, 2008, the District Court concluded that the grounds asserted in Martin's motion were nothing more than a "legally frivolous attack" on the decisions of the District Court judge who originally heard the case and disposed of the initial reopen motion filed in 1993. Moreover, the District Court concluded that the motion was "brought well beyond the bounds of the 'reasonable time' requirement imposed by Rule 60(c)." See District Court Mem. Opin. at 2. To the extent Martin intended to rely on Rule 60(b)(4) in an attempt to avoid a timeliness problem, the District Court concluded that Martin's efforts proved unsuccessful under the circumstances presented, i.e., where he was using Rule 60(b) merely as a mechanism to "wast[e] the judicial system's time and resources with successive motions arguing identical issues." Id. at 3. Accordingly, the District Court issued an Order denying Martin's motion to reopen. A subsequent order was entered denying Martin's request seeking reconsideration of that decision.

This timely appeal followed. We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, and review the District Court's orders denying Martin's motions filed under Rule 60(b) and Rule 59(e) for an abuse of discretion. See Brown v. Phila.

3

Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003); Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). Martin has filed a motion asking us to summarily reverse the District Court's decision to deny him relief in accordance with Rule 60(b).

Summary action is warranted if an appeal presents no substantial question. See Third Circuit LAR 27.4; I.O.P. 10.6. While we agree with Martin's general contention that this appeal is appropriate for summary disposition, we do not agree that such action is warranted in favor of a summary reversal of the District Court's post-judgment decision. Rather, after careful review of the record in this case together with Martin's submissions, and for essentially the same reasons set forth by the District Court, we will summarily affirm its denial of Rule 60(b) relief. We do not hesitate to conclude – and do so without further discussion – that the District Court acted within its discretion in denying Martin's post-judgment motion. Martin's motion for recusal is denied as moot. None of the circuit judges he seeks to have recused are members of the panel that entertained this appeal.